**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

**03-CR-80 (NAM)**

**v.**

**JOHN J. HEPP,**

**Defendant.**
_____

| | |
|---|---|
| **APPEARANCES:** | **OF COUNSEL:** |
| Glenn T. Suddaby | Thomas A. Capezza |
| United States Attorney | Assistant United States Attorney |
| Northern District of New York | |
| 100 South Clinton Street | |
| Syracuse, New York 13261 | |
| Thomas J. Miller, Esq. | Thomas J. Miller, Esq. |
| 314 East Fayette Street | |
| Syracuse, New York 13202 | |
| For Petitioner Linda J. Hepp | |

**Norman A. Mordue, Chief Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

John J. Hepp, the defendant in the above-captioned action, pled guilty to a one-count information charging him with possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The information also contained forfeiture allegations. As part of his guilty plea, Hepp agreed to forfeit his right, title, and interest in the 24 firearms and pieces of ammunition the government seized upon his arrest.

On September 15, 2003, the Court issued a preliminary order of forfeiture as to John

Hepp.  When the forfeiture case proceeded to the ancillary stage, the government sent Linda J. Hepp direct notice of the forfeiture as a third-party who may claim a legal interest in the firearms and ammunition.  In a letter dated March 30, 2004, Ms. Hepp asserted an interest in the firearms and ammunition on the basis that she was the sole owner of J & L Precision Shooters, and many of the items the government seeks forfeiture of, are her personal firearms, her business firearms, and her business inventory of ammunition.  Presently before the Court is the government's motion to dismiss the Ms. Hepp's petition pursuant to Fed. R. Crim. P. 32.2(c)(1)(A) for lack of standing.

### THE PETITION

To her petition, Ms. Hepp attached a list of the firearms and ammunition the government seized.  Ms. Hepp states that J & L Precision Shooters is "my business owned by me only" and the items she highlighted on the list were her personal guns or those belonging to J & L Precision Shooters, and that the ammunition "was business inventory."  According to Ms. Hepp's petition, "[i]tems not highlighted were firearms possessed by my husband, John Hepp, as clearly marked." Specifically, Ms. Hepp asserts that firearms 2-4, 6-7, 9, 12, 19, and 23-24, belong to J & L Precision Shooters; firearms 8, 10-11, and 16, belong to her, personally; firearms 1, 5, 13-14, 15, and 17-18, belong to John Hepp; firearms 20 and 21 are "parts gun[s]"; firearm 22 is a "customer gun"; and ammunition pieces 25-58 are part of the J & L Precision Shooters's business inventory.

### DISCUSSION

### Motion to Dismiss – Rule 32.2(c)(1)(A)

Rule 32.2(c)(1)(A) provides, "In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason. For purposes of the motion, the facts set forth in the petition are assumed to be true."  "Thus,

under Rule 32.2, a motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b)." *Pacheco v. Serendensky*, 393 F.3d 348, 352 (2d Cir. 2004). Although the government contends that the Court may dismiss the petition without a hearing if the petitioner is unable to establish a *prima facie* case, the Second Circuit has held that a petitioner is not required to make such a showing in order to "defeat the government's motion to dismiss." *Pacheco*, 393 F.3d at 352.  Indeed, the Court must assume that the allegations in the petition are true, Rule 32.2(c)(1)(A), and grant the government's motion "'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" *Sweirkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69 (1984)).[1]

The forfeiture statute requires that the petition be signed by the prospective petitioner "under penalty of perjury" and "set forth the nature and extent of petitioner's right, title, or interest . . ." as well as ". . . the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, [and] any additional facts supporting the petitioner's claim and the relief sought."  21 U.S. C. § 853(n)(3).  Further, to obtain relief under the forfeiture statute, petitioner:

> must either (a) have an interest in the property that is superior to the criminal defendant's because it arose prior to "the time of the commission of the acts [that] gave rise to the forfeiture," 21 U.S.C. § 853(n)(6)(A), or (b) be a "bona fide purchaser for value" of the property who was "reasonably without cause to believe that the property was subject to forfeiture" at the time of purchase, *id*. § 853(n)(6)(B).

*Pacheco*, 393 F.3d at 353.

---

[1] For the above reasons, the Court confines its review to the petitions and those documents attached to the petitions.

**Standing**

"Whether a claimant has standing is 'the threshold question in every federal case, determining the power of the court to entertain the suit.'"  *In re Gucci*, 126 F.3d 380, 387-88 (2d Cir. 1997) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)), *cert. denied*, 520 U.S. 1196 (1997).  Article III of the Constitution limits the subject-matter jurisdiction of federal courts to "Cases" or "Controversies", *United States v. Cambio Exacto S.A.*, 166 F.3d 522, 526 (2d Cir. 1999), in which a litigant has a "sufficient stake  . . . to obtain judicial resolution of that controversy."  *Sierra Club v. Morton*, 405 U.S. 727, 731 (1972).  To demonstrate standing under Article III, therefore, a litigant must allege a "distinct and palpable injury to himself," *Torres v. $36,256.80 U.S. Currency*, 25 F.3d 1154, 1157 (2d Cir. 1994) (quoting *Warth*, 422 U.S. at 501), that is the direct result of the "putatively illegal conduct of the [adverse party]," *id*. (quoting *Gladstone, Realtors v. Village of Bellwood*, 441 U.S. 91, 99 (1979)), and "likely to be redressed by the requested relief," *id*. (citing *Simon v. Eastern Kentucky Welfare Rights Org.*, 426 U.S. 26, 44-45 (1976)).  While ownership and possession, which are "reliable indicators of injury that occurs when property is seized", will normally demonstrate an individual's standing to challenge the seizure of property in a forfeiture action, *Cambio Exacto*, 166 F.3d at 527, "the injury to the party seeking standing . . . remains the ultimate focus."  *Id*.

The government contends that Ms. Hepp has not shown standing because she failed to support her petition with documentation demonstrating her interest in the firearms and ammunition.  The government further argues that, in any event, Ms. Hepp has no interest in the property based on her purported marriage to John Hepp because they are not legally married.[2]  Assuming the assertions in the petitions are true, as it must when considering a motion to dismiss,

---

[2] The government asserts that John Hepp never divorced his first wife.

4

the Court finds Ms. Hepp has adequately asserted standing with regard to many of the firearms

and all the ammunition to the extent she alleges that her interest in them was superior to John

Hepp's and arose prior to the commission of the offense to which he pled guilty.  *See* 21 U.S.C. §

853(n)(6)(A).  Ms. Hepp states that firearms 2-4, 6-7, 9, 12, 19, and 23-24, belong to J & L

Precision Shooters, of which she is sole owner; firearms 8, 10-11, and 16, belong to her,

personally; and ammunition pieces 25-58 are part of the J & L Precision Shooters's business

inventory.  Ms. Hepp further avers that:

> The firearms were accumulated during the ten years I was in business through
> purchases from legitimate firearms dealers, personal firearms given to me years ago
> by family, and firearms acquired from customers.  The highlighted ammunition that
> was taken . . . was business inventory to be sold at my business.  It was not my
> husband's personal ammunition.
>
> Copies of the Federal Form 4473 and bound book of firearms transactions were sent
> to the BATF in Virginia at their request.  I do not have copies of the transactions.

Linda Hepp Petition, March 30, 2004.  Thus, regardless of her marital status, because Ms. Hepp

has asserted that she personally owns a number of the firearms subject to forfeiture, and that a

number of the weapons and all of the pieces of ammunition belong to her business, of which she

is sole owner, the allegations in the petition, if true, adequately demonstrate that deprivation of

the property will cause her injury.

Ms. Hepp, however, failed to plead an ownership or possession superior to that of John

Hepp with regard to those firearms she asserts belong to John Hepp, a customer, or which she

identifies as "parts guns", to wit: firearms 1, 5, 13-14, 15, and 17-18, (John Hepp); firearms 20

and 21 ("parts gun[s]"); and firearm 22 ("customer gun").  Thus, Ms. Hepp fails to identify a

cognizable injury in connection with the government's seizure of those items.  Accordingly, the

government's motion to dismiss so much of the petition as asserts an interest in those items is

granted.

## Equity

Finally, the government asserts that equity requires the Court to dismiss Ms. Hepp's petition, because the petition is "an attempt to re-introduce into the [marital] home the firearms and ammunition previously forfeited by defendant Hepp, would only serve to undermine this Court's prior Order of Forfeiture." The Court declines to dismiss Ms. Hepp's petition on the basis that equity requires such action at this time. The government has identified no law which would permit the Court dismiss the petition on this basis. Accordingly, the government's motion to dismiss the petition as a matter of equity, is denied.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the government's motion to dismiss Linda Hepp's petition to the extent it asserts an interest in firearms 1, 5, 13-14, 15, and 17-18, (John Hepp); firearms 20 and 21 ("parts gun[s]"); and firearm 22 ("customer gun") is **GRANTED**; and it is further

**ORDERED** that the government's motion to dismiss Linda Hepp's petition is otherwise **DENIED.**

**IT IS SO ORDERED.**

Dated: April 17, 2006
        Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge